# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JABIL CIRCUIT, INC.,**

     **Plaintiff,**

v.

Case No. *8: 00CV 2409-T-23B*

**THOMAS BURNS FINANCIAL, INC.,**
**And THOMAS BURNS,**

     **Defendants.**

_____/

## COMPLAINT

Jabil Circuit, Inc. ("Jabil") hereby files this Complaint against Thomas Burns Financial, Inc., and Thomas Burns, individually, and alleges as follows:

## INTRODUCTION

1.    Jabil seeks this Court's protection to prevent the infringement of its trademarks, service marks and other intellectual property rights through an injunction that prohibits Thomas Burns Financial and Thomas Burns from using the mark "Jabil" on the Internet.

2.    The Internet is a global network of computers linked by telephone lines. The Internet enables computers and computer users worldwide to exchange and share information.

3.    One of the most popular and widely used portions of the Internet is called the World Wide Web ("the Web"). The Web contains information and



advertising that is presented in an easily accessible and readable format to millions of computer users world wide.

4.   As such, the web is an attractive medium for businesses to provide information to and to transact business with consumers.

5.   Like a telephone number, each domain name is unique and may be assigned to only one Internet service.  Because a domain name consists of letters chosen by the information provider, domain names correspond to trade or service marks used by the information service provider.  A domain name mirroring a service mark is a valuable corporate asset, as it facilitates communication with a customer base.

6.   To access a specific company's website on the Internet, a consumer can simply add ".com", ".net" or ".org" to the company's trademark or service mark.

7.   Network Solutions, Inc. ("NSI") is one organization that assigns domain names.  To obtain a domain name, the operator of an Internet service registers its proposed domain name with NSI or another registrar.

8.   A cyberpirate is an individual who attempts to profit from the Internet by reserving and using as domain names the trademarks and service marks of companies that may have spent millions of dollars developing the good will of their trademarks.

## JURISDICTION AND VENUE

9.   This action is for trade mark infringement, unfair competition and cyberpiracy arising under the Trademark Act of 1946, as amended ("The Lanham

Act"), 15 U.S.C. § 1051 *et seq.*, and under the common law and statutory law of the State of Florida.

10.     This Court has jurisdiction of Counts I-IV of the Complaint pursuant to 15 U.S.C. § 1121 in that they are actions arising under The Lanham Act; 28 U.S.C. § 1338(a) in that they are actions arising under an Act of Congress relating to trademarks; and 28 U.S.C. § 1331 in that they are actions arising under the laws of the United States.  This Court has supplemental jurisdiction over Counts V-VII of the Complaint pursuant to 28 U.S.C. §1367 in that they state claims derive from the same case or controversy.

11.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) and § 1391(c).  Upon information and belief, Thomas Burns Financial's principal place of business is within this judicial district and the acts complained of have occurred within this judicial district.

## THE PARTIES

12.     Jabil is a Delaware corporation, authorized to do business in Florida and with its principal place of business in St. Petersburg, Pinellas County, Florida.

13.     Upon information and belief, Thomas Burns is an individual who resides in Pinellas County, Florida.  Upon information and belief, Thomas Burns had authority to and did control Thomas Burns Financial, Inc. in all relevant decisions.

3

14.     Upon information and belief, Thomas Burns Financial, Inc., is a Florida corporation with its principal place of business in St. Petersburg, Pinellas County, Florida.

## VIOLATION OF TRADEMARK RIGHTS

15.     Jabil was founded in 1966 and is one of the world's largest electronic and manufacturing service providers for companies in the communications, personal computer, computer peripheral, automotive and consumer industries.

16.     Jabil obtained a registration for "Jabil Circuit." on July 13, 1999 (reg. no. 2,260,863).  (See Registration attached as Exhibit "A").  Jabil has also obtained state registrations for the mark "Jabil Circuit" and "Jabil Circuit and Design".  These registrations were issued May 13, 1998.   The registration numbers are T98000000541 and T98000000542.   (See Registrations attached as Composite Exhibit "B").  "Jabil" is the dominant part of the mark.

17.     Jabil Circuit, Inc., has consistently used the "Jabil" mark since 1966.

18.     "Jabil" is an arbitrary and distinctive mark.

19.     Jabil has 18,000 employees, has locations world-wide, including in Florida, California, Idaho, Massachusetts, Michigan, Tennessee, Mexico, Italy, Malaysia, China,  Hong Kong, Scotland and Brazil, and is a $2 billion, company.

20.     Jabil has expended significant resources in capital, creativity and personnel to develop the strength of the "Jabil" mark.  Since it was founded, Jabil has spent over approximately $15 million to advertise and develop its mark.

21.     Jabil is a famous mark.

4

22.     Thomas Burns Financial, Inc. registered "JABIL.NET" as a domain name on May 5, 1999 and registered "JABIL.ORG" as a domain name on May 6, 1999, after Jabil had begun using the mark "Jabil" and after the "Jabil" mark had become famous.  (True and correct views of the screens identifying Thomas Burns Financial as the owner of the domain names are attached as Composite Exhibit C).

23.     Upon information and belief, prior to registering the domain name, Defendants had never used the mark for any purpose.

24.     Defendants have established a web site associated with "JABIL.ORG" and "JABIL.NET" and this site is in direct competition with Jabil.  (True and correct views of the first pages of the "JABIL.ORG" and "JABIL.NET" web sites are attached as Composite Exhibit D).

25.     Upon information and belief, defendants know that the names they have registered are identical or confusingly similar to Jabil's distinctive and famous trademark.

26.     Upon information and belief, defendants intend to direct consumers looking for the online web site for Jabil to their own site for their own commercial gain and they have thus earned profits by using the "Jabil" mark.

27.     The domain names JABIL.NET and JABIL.ORG are substantially indistinguishable from, and likely to be confused with, the mark "Jabil."

28.     Upon information and belief, the Defendants do not intend to, and in fact are not licensed or otherwise permitted to, use JABIL.NET and JABIL.ORG domain names for any bona fide offering of goods or services.  The Defendants'

objective is to profit from the resale, licensing, or use of these domain names, and to keep Jabil from using those domain names.

29.    As long as Defendants retain the JABIL.NET and JABIL.ORG registrations, Plaintiff will be unable to acquire the domain names.  Therefore, the registration curtails Plaintiff's ability to exploit the value of its trademark.

30.    Defendants' registration also lessens the capacity of Jabil to identify and distinguish its goods and services to consumers who would expect to locate Jabil on the Internet through the JABIL.NET and JABIL.ORG domain names.

31.    Plaintiff and the Defendants compete for the same audience, Internet users.  Therefore, they are competitors and the degree of competitive proximity increases the likelihood of confusion.

32.    Many potential customers of Jabil will be discouraged if they cannot find Jabil's web page by typing JABIL.ORG and JABIL.NET but instead are forced to wade through Defendant's web site.

33.    Such confusion is exacerbated because Defendants' registration of the domain name is reflected on the Internet.  Internet users who seek to determine ownership of the domain names JABIL.NET and JABIL.ORG are now directed to Thomas Burns Financial, Inc. rather than to the rightful owner of the mark "Jabil." Thus, when an Internet user searches Network Solutions or any database of domain name registrars for the owner of the JABIL.NET and JABIL.ORG domain names, the name substantially identical to the marks of Plaintiffs appear as one owned by Thomas Burns Financial, Inc.

34.     Consequently, there is a substantial likelihood that consumers will be confused as to the relationship or affiliation between Plaintiffs and the Defendants.

35.     On June 7, 2000, Jabil sent a letter to Defendants requesting that they transfer the domain names to Jabil.  (See Correspondence from L. Avery to T. Burns, dated June 7, 2000, attached as Exhibit E).  Defendants did not turn over the domain names.

36.     On October 31, 2000, Jabil sent a second letter, again demanding that Defendants turn over the domain names.  (See Correspondence from A. Danaceau to T. Burns, dated October 31, 2000, attached as Exhibit F).  Once again, Defendants refused to turn over the domain names.

37.     As set forth in the above paragraphs, Defendants' violation of Plaintiff's trademark rights was willful and in bad faith, and constitutes an exceptional case.

38.     As a result of Defendants' willful and bad faith conduct, Plaintiff has hired the undersigned law firm and has incurred reasonable attorney's fees and expenses in bringing this action.

## COUNT I

### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

39.     Plaintiff hereby incorporates paragraphs 1 through 36 as if fully set forth herein.

40.     Plaintiff owns prior rights in its mark "Jabil."

41.    Defendants' acts are likely to cause consumer confusion, in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.    The acts of Defendants are greatly and irreparably damaging to Plaintiff and Plaintiff is without an adequate remedy at law.

## COUNT II

### VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

43.    Plaintiff hereby incorporates paragraphs 1 through 36 as if fully set forth herein.

44.    Defendants are making commercial use of the mark "Jabil" in commerce.

45.    Defendants' registration and use of the "Jabil" mark began after the mark had become famous.

46.    "Jabil" is a distinctive mark.

47.    Defendant's willful use of Plaintiff's famous mark has diluted and continues to dilute the distinctive quality of that mark, in violation of 15 U.S.C. §1125(c).

48.    Defendants' acts are greatly and irreparably damaging to Plaintiff and Plaintiff is without adequate remedy at law.

## COUNT III

### VIOLATION OF SECTION 43(d) OF THE LANHAM ACT

49.    Plaintiff hereby incorporates paragraphs 1 through 36 as if fully set forth herein.

50.    Defendants have registered JABIL.NET and JABIL.ORG as domain names which are identical or confusingly similar to or dilute the "Jabil" mark.

51.    Upon information and belief, defendants have registered the marks in bad faith, with the intent to profit from use of Jabil's distinctive mark.

52.    Defendants in fact are not licensed or otherwise permitted to, use the JABIL.NET and JABIL.ORG domain names in the bona fide offering of any goods or services.

53.    The Defendants' acts are greatly and irreparably damaging to Plaintiffs and Plaintiffs are without an adequate remedy at law.

## COUNT IV

### VIOLATION OF 15 U.S.C. § 1114

54.    Plaintiff hereby incorporates paragraphs 1 through 36 as full set forth herein.

55.    Plaintiff owns registered trademarks for "Jabil Circuit, Inc." and "Jabil Circuit." "Jabil" is the dominant part of those marks.

56.    Defendants are using Plaintiff's registered marks in commerce and such use is likely to cause confusion, mistake, or to deceive, in violation of 15 U.S.C. §1114.

57.    The acts of Defendants are greatly and irreparably damaging to Plaintiff and Plaintiff is without an adequate remedy at law.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT

9

58.    Plaintiff hereby incorporates paragraphs 1 through 35 as if fully set forth herein.

59.    Defendants' acts constitute common law trademark infringement.

60.    The acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

COUNT VI

COMMON LAW UNFAIR COMPETITION

61.    Plaintiff hereby incorporates paragraphs 1 through 36 as if fully set forth herein.

62.    Defendants' acts constitute unfair competition in that:

a.    their acts are a deliberate attempt to obtain the benefit of and trade on the good will of the Plaintiff;

b.    their acts enable and will continue to enable Defendants to obtain the benefit of and trade on the good will of Plaintiff;

c.    their acts damage and will continue to damage Plaintiff's good will in that Plaintiff does not have control over the business, products or services of Defendants;

d.    their acts have caused and are likely to continue to cause confusion, mistake or deception of the public;

e.    their acts will result in unjust enrichment; and

10

f.      Plaintiff is entitled to enforce their trademarks and service marks.

63.    The acts of Defendants are greatly and irreparably damaging to the Plaintiff and will continue to be greatly and irreparably damaging to the Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

## COUNT VII

### FLORIDA DILUTION

64.    Plaintiff hereby incorporates paragraphs 1 through 36 as if fully set forth herein.

65.    As heretofore alleged, Plaintiff's mark is distinctive and is subject to the protection of § 495.151, Florida Statutes.

66.    Defendants' acts dilute the marks. Defendants unauthorized and unlicensed use of the marks has caused and will continue to cause the diminution of the value of the good will represented by, and of the distinctiveness of, Plaintiff's trademarks in violation of § 495.151, Florida Statutes.

67.    The acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray:

1.     That the Court enter a judgment declaring that:

a.      Defendants' use of the domain names JABIL.NET and JABIL.ORG or any variation thereof infringes Plaintiffs' marks;

b.      Defendants' use of the domain names JABIL.NET and JABIL.ORG or any variation thereof creates a likelihood of confusion and dilutes the distinctive quality of Plaintiff's marks;

c.      Defendants' use of the domain names JABIL.NET and JABIL.ORG or any variation thereof violates 15 U.S.C. § 1125(a), (c) and (d) and 15 U.S.C. §1114 and constitutes common law trademark infringement and common law unfair competition.

2.      That the Court permanently enjoin Defendants, their servants, agents and employees, and all other persons in active concert or participation with Defendants, their heirs, successors and assigns, from:

a.      using the domain names JABIL.NET and JABIL.ORG or any variation thereof, in connection with any Internet site or any advertisement, promotion, offering for sale, or sale of any good or service;

b.      expressly or impliedly representing itself to customers, potential customers, or the public to be affiliated in any way with Plaintiff;

c.      representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by Defendants is authorized, sponsored or endorsed by or otherwise connected with the Plaintiff;

d.      otherwise infringing Plaintiff's mark;

e.      diluting Plaintiff's mark;

12

3.     That the case be declared exceptional and the Defendants be required to pay Plaintiff three times Plaintiff's actual damages caused by the acts of Defendants, and Defendants' profits from any sales of any products or services under Plaintiff's marks or any colorable imitation of Plaintiff's mark;

4.     That Defendants be required to pay statutory damages pursuant to 15 U.S.C. §1117(d)

5.     That Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements pursuant to 15 U.S.C. §1117(a);

6.     That Defendants be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, business cards, invoices and any other written or recorded material or advertisements in its possession or control containing Plaintiff's trademark or any colorable imitation of Plaintiff's trademark;

7.     That Defendants be ordered to transfer to the Plaintiff the domain names JABIL.NET and JABIL.ORG.

8.     That Defendants be required in accordance with 15 U.S.C. § 1115 to file with this Court and serve on the Plaintiff within thirty (30) days from the date of entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction; and

13

9.    That Plaintiff have such other and further relief as the Court deems just and equitable.

Respectfully submitted this 22nd day of October, 2000.

HOLLAND & KNIGHT LLP

Robert W. Duckworth
Florida Bar No. 020809
Alison Danaceau
Florida Bar No. 0066702
200 South Orange Avenue, Suite 2600
Post Office Box 1526 (32802-1526)
Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288

Attorneys for Plaintiff

ORL1 #594578 v1

# Exhibit
# A

Int. Cls.: 40 and 42

Prior U.S. Cls.: 100, 101, 103 and 106

## United States Patent and Trademark Office

Reg. No. 2,260,863

Registered July 13, 1999

## SERVICE MARK
### PRINCIPAL REGISTER



JABIL CIRCUIT, INC. (DELAWARE CORPORATION)
10800 ROOSEVELT BOULEVARD
ST. PETERSBURG, FL 33716

FOR: CUSTOM MANUFACTURE OF ELECTRONIC CIRCUIT BOARDS AND SYSTEMS FOR THE COMMUNICATIONS, PERSONAL COMPUTER, COMPUTER PERIPHERAL, AUTOMOTIVE AND CONSUMER PRODUCT MARKETS, IN CLASS 40 (U.S. CLS. 100, 103 AND 106).

FIRST USE 2-21-1992; IN COMMERCE 2-21-1992.

FOR: DESIGN AND DEVELOPMENT FOR OTHERS OF ELECTRONIC CIRCUIT BOARDS AND SYSTEMS FOR THE COMMUNICATIONS, PERSONAL COMPUTER, COMPUTER PERIPHERAL, AUTOMOTIVE AND CONSUMER PRODUCT MARKETS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-21-1992; IN COMMERCE 2-21-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CIRCUIT" AND "INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 75-474,944, FILED 4-27-1998.

ANGELA M. MICHELI, EXAMINING ATTORNEY

# Exhibit
# B



# State of Florida

## Department of State

I certify from the records of this office that JABIL CIRUIT, INC., A DELAWARE CORP., 10800 ROOSEVELT BLVD., ST. PETERSBURG, FL 33716 has registered JABIL CIRCUIT, INC. (BLOCK LETTERS) to be used as a mark under class(es) 0042.  Said mark was first used anywhere February 21, 1992 and was first used in Florida February 21, 1992.

I further certify that said mark was registered in this office on May 13, 1998 and its date of expiration is May 13, 2008.

The number of this mark is T98000000541.

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capitol, this the
Fifteenth day of May, 1998

*Sandra B. Mortham*

Sandra B. Mortham
Secretary of State

CR2EO22 (2-95)



## State of Florida

### Department of State

I certify from the records of this office that JABIL CIRCUIT, INC., A DELAWARE CORP., 10800 ROOSEVELT BLVD., ST. PETERSBURG, FL 33716 has registered JABIL CIRCUIT, INC. AND DESIGN OF DOTTED "I" IN "JABIL" CONNECTED TO DOT BELOW "J" IN "JABIL" BY LINE SURROUNDING LOWER AND RIGHT PORTION OF MARK to be used as a mark under class(es) 0042.  Said mark was first used anywhere February 21, 1992 and was first used in Florida February 21, 1992.

I further certify that said mark was registered in this office on May 13, 1998 and its date of expiration is May 13, 2008.

The number of this mark is T98000000542.

Disclaimer for: CIRCUIT, INC.

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capitol, this the
Fifteenth day of May, 1998

*Sandra B. Mortham*

**Sandra B. Mortham**
Secretary of State



CR2EO22 (2-95)

# Exhibit
# C



**NETWORK SOLUTIONS®**
A VeriSign® Company

| > HOME | > MAKE CHANGES | PRODUCTS & SERVICES | > SITE MAP | > HELP |

## WHOIS

> Back to Home Page

dot ... domain yet?  [GO]

WHOIS Lookup
Sponsored by

Search Results

```
Registrant:
Thomas Burns Financial, Inc. (JABIL2-DOM)
   2842 16th Ave North
   St. Petersburg, FL 33713
   US

   Domain Name: JABIL.NET

   Administrative Contact, Billing Contact:
      Burns Thomas  (BT653-ORG)  tom-burns@USA.NET
      Thomas Burns Financial, Inc.
      2842 16th Ave North
      St. Petersburg , FL 33713
      UNITED STATES
      727-328-7770
   Technical Contact, Zone Contact:
      NOC  (NO162-ORG)  NOC@SBUSINESS.NET
      SuperBusiness Net, Inc.
      150 Almaden Bl #500
      San Jose, CA 95113
      US
      408-278-4491
      Fax- 408-278-4497

   Record last updated on 19-May-1999.
   Record expires on 05-May-2001.
   Record created on 05-May-1999.
   Database last updated on 31-Oct-2000 06:29:44 EST.

   Domain servers in listed order:

   NS.SKYPORT.NET          216.169.96.10
   NS2.SKYPORT.NET         216.169.97.10
```

---

**Look up another domain name using WHOIS:**



To look up a NIC handle, host name, or registrant, use the **keywords** below:

- To search by NIC handle (or contact), type "handle WA3509"
- To search by name, type "name lastname, firstname"
- To search by company name, type "name The Sample Corporation"
- To search by domain name, type "example.com"

- To search by IP address, type "host 121.23.2.7"
- To search by host or nameserver name, type "host ns1.worldnic.com"

For advanced WHOIS search instructions please see our WHOIS Help.

**Search our dot com directory to find businesses online.**

**Use IdNames' services register your name in more than 50 countries.**

 MyComputer.com™     Tools to power your eBusiness
Stats, Counters, Guestbooks, Message Boards, Search Engine Submission.

HOME    |    MAKE CHANGES    |    PRODUCTS & SERVICES    |    SITE MAP    |    HELP

Questions? Contact Us.
© Copyright 2000 Network Solutions, Inc. All rights reserved.
Please read our Disclaimer.



## NETWORK SOLUTIONS®
A VeriSign® Company

| > HOME | > MAKE CHANGES | PRODUCTS & SERVICES | > SITE MAP | > HELP |

**WHOIS**  > Back to Home Page

WHOIS Lookup
Sponsored by

Keep Hackers:

Search Results

Registrant:
Thomas Burns Financial, Inc. (JABIL3-DOM)
   2842 16th Ave North
   St. Petersburg, FL 33713
   US

   Domain Name: JABIL.ORG

   Administrative Contact, Billing Contact:
      Burns Thomas  (BT653-ORG)  tom-burns@USA.NET
      Thomas Burns Financial, Inc.
      2842 16th Ave North
      St. Petersburg , FL 33713
      UNITED STATES
      727-328-7770
   Technical Contact, Zone Contact:
      NOC  (NO162-ORG)  NOC@SBUSINESS.NET
      SuperBusiness Net, Inc.
      150 Almaden Bl #500
      San Jose, CA 95113
      US
      408-278-4491
      Fax- 408-278-4497

   Record last updated on 19-May-1999.
   Record expires on 06-May-2001.
   Record created on 06-May-1999.
   Database last updated on 31-Oct-2000 06:27:59 EST.

   Domain servers in listed order:

   NS.SKYPORT.NET            216.169.96.10
   NS2.SKYPORT.NET           216.169.97.10

---

**Look up another domain name using WHOIS:**

To look up a NIC handle, host name, or registrant, use the **keywords** below:

- To search by NIC handle (or contact), type "**handle WA3509**"
- To search by name, type "**name lastname, firstname**"
- To search by company name, type "**name The Sample Corporation**"
- To search by domain name, type "**example.com**"

- To search by IP address, type "**host 121.23.2.7**"
- To search by host or nameserver name, type "**host ns1.worldnic.com**"

For advanced WHOIS search instructions please see our WHOIS Help.

**Search our dot com directory to find businesses online.**

**Use IdNames' services register your name in more than 50 countries.**

  Tools to power your eBusiness
Stats, Counters, Guestbooks, Message Boards, Search Engine Submission.

| HOME | | MAKE CHANGES | | PRODUCTS & SERVICES | | SITE MAP | | HELP |

Questions? Contact Us.
© Copyright 2000 Network Solutions, Inc. All rights reserved.
Please read our Disclaimer.

# Exhibit
# D

# Affiliated Press 

Classifieds

---

| LOCAL | Affiliated Press - PRESS RELEASES |  |

  BARNES&NOBLE
  NEED OFFICE SUPPLIES? BUY NOW! OfficeMax
  genius babies
FragranceNet

**Place a Free Classified Ad with the Affiliated Press**

**Browse Ad's**

**Place Nationwide & Local Classified Ads Recruiters**

**Track Commercial Flights In Real-Time**

**U.S. National Debt**

**Spencer Gifts**

**The Affiliated Press endorses BUSH**

**Newswire Top Stories**

**Submit News or Story Information**

**Your Resume to 1000 ' s of**

**U.S.A. Green Card Lottery**

**H&R Block**

**Tax Insurance / Audit Protection**



A V O N

**Pro Sports Memorabilia**

**The best novelty store on the Web!**

**Send Liquor**

**Fragrances**

**New or Used Books**

**Smart Home - Home Automation**

**Ten Dollars**

**Baby Items**

**Perfume & Cologne**

**Save up to 90 percent on new Gear**

**Link Share Program**

**Pet Supplies**

**Send Thank You Cards etc.**

**Earn 33% Now**

**Brigade Quartermasters Outdoors Action Gear and clothing**

**Reports You Can Resell Now To Start Making Money Automatically!**

**Click Here To Get 1000's of FREE Hits To Your Website Daily!**

**CLICK TO BLAST ONE MILLION EMAILS DAILY!!**

**Premium Pay Per Sale Program**



*(c) Copyright Affiliated Press 2000 All rights reserved.*

# Affiliated Press



**Classifieds**

| LOCAL | Affiliated Press - PRESS RELEASES | ≪ |

  

FragranceNet

**Place a Free Classified Ad with the Affiliated Press**

**Browse Ad's**

**Place Nationwide & Local Classified Ads Recruiters**

**Track Commercial Flights In Real-Time**

**U.S. National Debt**

**Spencer Gifts**

**The Affiliated Press endorses BUSH**

**Newswire Top Stories**

**Submit News or Story Information**

**Your Resume to 1000 ' s of**

**U.S.A. Green Card Lottery**

**H&R Block**

**Tax Insurance / Audit Protection**



AVON

**Pro Sports Memorabilia**

**The best novelty store on the Web!**

**Send Liquor**

**Fragrances**

**New or Used Books**

**Smart Home - Home Automation**

**Ten Dollars**

**Baby Items**

**Perfume & Cologne**

**Save up to 90 percent on new Gear**

**Link Share Program**

**Pet Supplies**

**Send Thank You Cards etc.**

**Earn 33% Now**

**Brigade Quartermasters Outdoors Action Gear and clothing**

**Reports You Can Resell Now To Start Making Money Automatically!**

**Click Here To Get 1000's of FREE Hits To Your Website Daily!**

**CLICK TO BLAST ONE MILLION EMAILS DAILY!!**

**Premium Pay Per Sale Program**



*(c) Copyright Affiliated Press 2000 All rights reserved.*

# Exhibit
# E



Direct Dial: 727-803-3344
Direct Fax: 727-803-3352
E-mail: lori_avery@jabil.com

June 7, 2000

**SENT VIA OVERNIGHT COURIER**

Mr. Thomas Burns
Thomas Burns Financial, Inc.
2842 16th Avenue North
St. Petersburg, FL  33713

Mr. Burns,

It has come to our attention that you have registered the domain names www.jabil.net and
www.jabil.org.  As you know, there is no association, sponsorship, license or other relationship
between yourself and Jabil Circuit, Inc.

We consider your use of "Jabil" as a domain name, among other things, a direct violation of Jabil
Circuit's intellectual property rights.  In addition, your use may constitute false designation of
origin, unfair competition, deceptive trade practices, dilution and injury to business reputation
under federal and state law as well as violation of the provisions of the Uniform Domain Name
Dispute Resolution Policy approved by ICANN (Internet Corporation for Assigned Names and
Numbers) in October, 1999,  and the recently enacted Anticybersquatting Consumer Protection
Act, 15 U.S.C. Section 1125(d).

The resolution of this matter is uncomplicated and straightforward.  We demand that you
immediately refrain from any further use whatsoever of the domain names www.jabil.org and
www.jabil.net and assign your rights in same to Jabil Circuit, Inc.  We have included two
Registrant Name Change Agreements from Network Solutions which will be effective to transfer
rights in www.jabil.org and www.jabil.net from yourself to Jabil Circuit, Inc.  Please sign the
transfer documents before a notary and return them to me for submission to Network Solutions.

I am sure that you can appreciate the importance and urgency of this matter to Jabil Circuit,
therefore, your failure to comply with the foregoing by June 9th, 2000 may make it necessary for
Jabil Circuit to take appropriate legal action to protect its valuable name and marks.

Sincerely,

Lori L. Avery
Attorney
Jabil Circuit, Inc.

# Exhibit
# F

Law Offices

# HOLLAND & KNIGHT LLP

| | |
|---|---|
| Atlanta | Northern Virginia |
| Boston | Orlando |
| Bradenton | Providence |
| Chicago | St. Petersburg |
| Fort Lauderdale | San Antonio |
| Jacksonville | San Francisco |
| Lakeland | Seattle |
| Los Angeles | Tallahassee |
| Melbourne | Tampa |
| Miami | Washington, D.C. |
| New York | West Palm Beach |

200 South Orange Avenue, Suite 2600
P.O. Box 1526 (ZIP 32802-1526)
Orlando, Florida 32801

407-425-8500
FAX 407-244-5288
www.hklaw.com

International Offices:
Buenos Aires*       Tel Aviv*
Mexico City          Tokyo
*Representative Offices

October 31, 2000

ALISON DANACEAU
407-244-5162

Internet Address:
adanacea@hklaw.com

Federal express
Thomas Burns
Thomas Burns Financial, Inc.
2842 16th Avenue, North
St. Petersburg, Florida  33713

Re:   Jabil Circuit, Inc. v. Thomas Burns Financial, Inc. & Thomas Burns

Dear Mr. Burns:

This law firm represents Jabil Circuit, Inc. ("Jabil"), located in St. Petersburg, Florida, the holder of the registered mark JABIL CIRCUIT and the mark JABIL.  We write to reiterate the demands of our client that you immediately cease and desist any and all use of the domain names "JABIL.NET" and "JABIL.ORG" on the internet or elsewhere and that you cause to have "JABIL.NET" and "JABIL.ORG" immediately transferred to our client.

While you have asserted that your use of the domain names stated above is not commercial, this is simply not true.  Your activity clearly constitutes a "commercial use" of the domain names in question.  Your registration and use of the domain names "JABIL.NET" and "JABIL.ORG" violate federal and state law on multiple grounds.  Not only is the registration of these domain names an act of cyberpiracy under 15 U.S.C. §1125(d), it also represents a violation of 15 U.S.C. §1125(a), 15 U.S.C. §1125(c) and 15 U.S.C. §1115.  This conduct also violates similar state laws and Jabil's common law trademark rights in the Jabil mark.

Your claim that your use of Jabil's mark was the result of combining initials from your children's names is irrelevant.  Your use of the name and mark "Jabil" is an appropriation of Jabil's business name and service mark, both

Thomas Burns
October 31, 2000
Page 2

of which are clearly the exclusive property of Jabil Circuit, based upon long term, widespread use in the U.S. and many foreign countries.

Thus, we demand that you immediately cease and desist any use of the names JABIL.NET and JABIL.ORG and we enclose another copy of the Network Solutions Registrant Name Change Agreement required to transfer the domain names JABIL.NET and JABIL.ORG to Jabil Circuit, Inc. If we do not receive the executed and notarized Agreement on or before 5:00 p.m. on Friday, November 3, 2000, we will be compelled to immediately file suit. Please be advised that, if we are compelled to file suit, we intend to seek all available remedies permitted by law, including but not limited to, attorneys' fees, compensatory damages (including all profit derived from the unlawful use of the "Jabil" mark), injunctive relief, and statutory damages.

Very truly yours,

HOLLAND & KNIGHT LLP

Alison Danaceau

AD/fkb
Enclosure

ORL1 #604967 v1